IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN D. DAVIS, (TDCJ #1585531) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-3128 |
| ANGELA R. WEBSTER, *et al.*, | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, John D. Davis, is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division. Davis filed this suit against attorney Angela R. Webster, as well as the named partners of her law firm Parsons McEntire McCleary & Clark, PLLC, seeking compensatory and punitive damages under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis*, (Docket Entry No. 2). Because Davis is incarcerated, the Court is required to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes this case must be dismissed for reasons that follow.

**I.  Discussion**

Although difficult to ascertain, Davis appears to contend that he filed a grievance against attorney Jim S. Adler. According to Davis, Adler hired the law firm of Parsons

McEntire McCleary & Clark, PLLC, to represent him in the grievance process. Defendant Webster filed a response to Davis's grievance, which Davis alleges "shows inconsistencies in the exhibits that they altered, manipulated, malliciously (sic) tampered with no valid justification or substance to create confusion to make a mockery out of the judicial system . . . ." (Docket Entry No. 1, at 4).

To establish liability under section 1983, a civil rights plaintiff must satisfy two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979). In other words, "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted together with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982).

The defendants in this case are private actors, not state actors. Accordingly, because Davis's pleadings do not implicate any state action, his allegations against the defendants fail to state a claim under section 1983 as a matter of law. This case is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## II. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed in forma pauperis, (Docket Entry No. 2), is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the trust account of John Davis (TDCJ #1585531) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. **The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on OCT 3 1 2017.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE